UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| EILEEN WAGNER, | ) ED CV 06-133-(SH) |
| Plaintiff, | ) MEMORANDUM DECISION AND ) ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties

have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

The central issue raised by plaintiff in this case is the weight that the Administrative Law Judge ("ALJ") gave the opinion of the treating physician, Dr. Chang. A treating physician's opinion is entitled to greater weight than that of an examining physician. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989), citing <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir 1987). A treating physician's opinion is given deference because he is employed to cure the claimant and has a greater chance to know and observe the claimant as an individual. <u>Sprague</u>, 812 F.2d at 1230. "The treating physician's opinion is not however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." <u>Magallanes v. Bowen</u>, 881 F.2d at 751, citing <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989).

"To reject the uncontroverted opinion of a claimant's physician, the [Commissioner] must present clear and convincing reasons for doing so." <u>Magallanes v. Bowen</u>, 881 F.2d at 751, citing <u>Rodriguez</u>, 876 F.2d at 761-62; <u>Montijo v. Secretary of Health & Human Servs.</u>, 729 F.2d 599, 601 (9th Cir. 1984). "When a non-treating physician's opinion contradicts that of the treating physician - <u>but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician</u> - the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Morgan v. Apfel</u>, 169 F. 3d 595, 600 (9th Cir. 1999) (emphasis added) (citations omitted).

Dr. Chang had been the treating physician of plaintiff for more than one year, with reports dated September 18, 2002, October 7, 2002, November 13, 2002, January 8, 2003, March 5, 2003, April 30, 2003 and July 11, 2003 [AR 373, 382, 451, 439, 425, 405, 667]. Throughout these reports, plaintiff was diagnosed with having schizophrenia and obsessive compulsive disorder "OCD". On October 7,

2002 Dr. Chang observed that plaintiff's thoughts were loose, that she had an inability to maintain a sustained level of concentration, and he observed evidence of confusion, depression, and social withdrawal. [AR 382].

In the instant case, the ALJ made a decision on August 21, 2003 wherein there was (contrary to defendant's assertion) <u>no mention</u> of Dr. Chang's <u>final report</u> dated July 11, 2003, which report diagnosed plaintiff with schizophrenia, OCD, an inability to maintain a sustained level of concentration, evidence of confusion, and an inability to complete a 40 hour work week without decompensating. [AR 14, AR 667]. Moreover, Dr. Chang's earlier reports were briefly mentioned in the decision, without any reason whatsoever for dismissing those reports.

Instead, the ALJ erroneously gave greater weight to the opinion of Dr. Malancharuvil, the consulting physician, who concluded that plaintiff had a schizoaffective disorder and psychotic disorder, but that she would not have repeated episodes of decompensation in work-like situations. [AR 523, 524]. Dr. Malancharuvil did not examine plaintiff, but merely reviewed plaintiff's medical records and heard plaintiff's testimony. Thus, Dr. Chang's ultimate opinion of disability was not controverted by another examining physician. Moreover, Dr. Malancharuvil did not address the material opinions from Dr. Chang's July 2003 report, namely Ms. Wagner's inability to work a forty-hour work week without decompensating. [AR 667]. Therefore, the ALJ relied neither on independent clinical findings, nor on specific legitimate reasons for rejecting Dr. Chang's opinion.

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this Decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

The Commissioner shall credit Dr. Chang as the treating physician and obtain any other records from Dr. Chang, and, if necessary to develop the record, obtain the opinion of an examining physician.

DATED: March 28, 2007

                                             /s/
                                     STEPHEN J. HILLMAN
                                     UNITED STATES MAGISTRATE JUDGE